UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAISSAL AL AMRI,<br><br>                    Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>                    Defendants. | No. C07-590MJP<br><br>ORDER DENYING MOTION TO REMAND/DISMISS AND SETTING EVIDENTIARY HEARING |

This matter comes before the Court on the Government's response to an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government has filed a brief that is both a response to the Order to Show Cause and a Motion to Remand the case to U.S. Citizenship and Immigration Services (USCIS). (Dkt. No. 6.) Having reviewed the Government's response and motion, Plaintiff's response (Dkt. No. 9), the Government's reply (Dkt. No. 11), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to remand and dismiss. The Court will hold an evidentiary hearing on Plaintiff's naturalization application on <u>October 22, 2007</u> at <u>9:00 a.m.</u>

**Background**

Plaintiff Faissal Al Amri is a native of Yemen. He is 31 years old and has been a legal permanent resident of the U.S. since 1995.

ORDER - 1

Mr. Al Amri first applied for naturalization in the fall of 2000 while living in Michigan. (Administrative File at A-L20-23.) In connection with that application, he submitted an N-648 "Medical Certification for Disability Exceptions" form completed by Dr. Chilakamarri Ramesh, a psychiatrist in Dearborn, Michigan. (Id. at A-L11-17.) An applicant for naturalization may submit an N-648 form to seek a waiver from the English language and civics/history requirements for citizenship. Dr. Ramesh opined that Mr. Al Amri should be exempted from the English language requirements because of mental and cognitive impairments. (Id. at A-L14.)

The Government indicates that Dr. Ramesh was later charged with conspiracy to defraud the United States in relation to fraudulent N-648 disability waivers. Dr. Ramesh was indicted in the U.S. District Court for the Eastern District of Michigan in August 2002. It appears from court records that Dr. Ramesh is still awaiting trial. It also appears that Mr. Al Amri's first naturalization application was not adjudicated.

Mr. Al Amri submitted a second naturalization application in August 2003. (Id. at T-L8-17.) He did not request a disability waiver in this application. He was interviewed by an immigration officer on February 12, 2004 and passed the English and U.S. history/civics tests. (Id. at T-R78.)

Although three years have now passed since Plaintiff's naturalization examination, Defendants maintain that Mr. Al Amri's application has not yet been adjudicated because there are ongoing investigations as to: (1) whether the N-648 disability waiver he submitted from Dr. Ramesh was fraudulent; and (2) whether there are inconsistencies in his naturalization applications. Mr. Al Amri's administrative file provides little if any information regarding any action taken with respect to such investigations between his interview in February 2004 and the filing of his complaint in this case on February 1, 2007.[1]

On May 16, 2007, shortly before filing this motion to remand, USCIS requested that Mr. Al Amri provide photocopies of his alien registration receipt card, a copy of the original birth certificate

---

[1] Along with a number of other plaintiffs, Mr. Al Amri filed a complaint in this Court on February 1, 2007, which requested that the Court approve his naturalization application. The original complaint was filed under case number C07-164. By order dated April 23, 2007, the Court granted a motion to sever filed by Defendants and severed the claims of the plaintiffs into individual actions.

ORDER - 2

or other record of birth for his six children with an English translation, copies of marriage certificates for all marriages with an English translation, and evidence of any terminated marriages in the form of death certificates or divorce decrees with English translations. (Dkt. No. 9-2.) Although USCIS lacks jurisdiction to adjudicate Mr. Al Amri's naturalization application while his case is pending in this Court (see United States v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004)), the notice USCIS sent to Mr. Al Amri on May 16th informed him that failure to provide the requested information may result in the denial of his application.

**Analysis**

Plaintiff has brought this action under 8 U.S.C. § 1447(b). This statute permits applicants for naturalization to seek a hearing in the United States District Court if USCIS fails to adjudicate their applications within 120 days of their naturalization examination. The statute provides:

> If there is a failure to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Defendants acknowledge that the Court has jurisdiction over this case under Section 1447(b). However, they argue that the Court should remand this matter to USCIS for adjudication. Defendants contend:

> USCIS has begun an investigation, but [is] still in the process of investigating and should be allowed to continue and complete the investigations. USCIS is in the best position to complete the investigation because it is the designated agency responsible for and qualified to determine the issuance of immigration benefits. Thus, the Court should remand Plaintiff's application to USCIS with instructions to adjudicate the application upon conclusion of the investigation.

(Motion at 8) (internal citations omitted).

In response, Plaintiff maintains that Defendants have not shown any reason why Mr. Al Amri should not be naturalized and that the Court should declare him eligible for naturalization. In the alternative, Plaintiff requests that the Court set a hearing on this matter.

ORDER - 3

1    On the record before it, the Court is not prepared to order that Mr. Al Amri be naturalized. However, the Court also declines to remand this matter to USCIS. The Federal Bureau of Investigation has completed Mr. Al Amri's name check. The primary issues raised by the Government are whether Mr. Al Amri committed fraud in connection with his naturalization applications and whether there are "inconsistencies" in his applications. This Court is equipped to conduct an evidentiary hearing to determine whether Plaintiff committed fraud, whether there are inconsistencies in his applications, and whether his naturalization application should be granted.

    Therefore, the Court DENIES Defendants' motion to remand and dismiss. The Court will retain jurisdiction over this matter and will hold an evidentiary hearing on Mr. Al Amri's naturalization application. The hearing is set for **Monday, October 22, 2007, at 9:00 a.m.** If the parties wish to conduct discovery before the hearing, they may ask the Court to set a schedule for doing so.

    There is another case currently pending before the Court in which the Government has raised similar fraud allegations regarding an N-648 form completed by Dr. Ramesh. See <u>Al-Shaibani v. Gonzales</u>, C07-585MJP. The Plaintiffs in the two cases are represented by the same counsel and it appears that their cases may present one or more common issues of fact or law. Therefore, the Court will consolidate its hearing on Mr. Al Amri's application with a hearing on the naturalization application of Mr. Al-Shaibani. The Court will set aside <u>four hours</u> for the consolidated hearing on October 22nd, with the time to be equally divided between Plaintiffs and Defendants.

## Conclusion

    Because the Court is equipped to adjudicate the issues presented in this case, the Court DENIES Defendants' motion to remand and dismiss. The Court will hold an evidentiary hearing on Mr. Al Amri's naturalization application on <u>October 22, 2007</u> at <u>9:00 a.m.</u>

ORDER - 4

1   The clerk is directed to send copies of this order to all counsel of record.

2   Dated: August 20, 2007.

                                          s/Marsha J. Pechman
                                          Marsha J. Pechman
                                          United States District Judge

ORDER - 5