UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAISSAL AL AMRI,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL MUKASEY, et al.,<br><br>    Defendants. | Case No. C07-590MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 17.) After reviewing the motion, Defendants' response (Dkt. No. 18), Plaintiff's reply (Dkt. No. 20), and all papers submitted in support thereof, the Court DENIES Plaintiff's motion for the reasons set forth below.

**Background**

Plaintiff Faissal Al Amri is a native of Yemen and became a legal permanent resident of the United States in 1995. Mr. Al Amri first applied for naturalization in the fall of 2000 while living in Michigan. (Administrative File at A-L20-23.) In connection with that application, he submitted an N-648 "Medical Certification for Disability Exceptions" form completed by Dr. Chilakamarri Ramesh, a psychiatrist in Dearborn, Michigan. (Id. at A-L11-17.) An applicant for naturalization may submit an N-648 form to seek a waiver from the English language and civics/history requirements for citizenship. Dr. Ramesh opined that Mr. Al Amri should be exempted from the English language requirements because of mental and cognitive impairments.

ORDER — 1

1  (Id. at A-L14.) Dr. Ramesh was later charged with conspiracy to defraud the United States in
2  relation to fraudulent N-648 disability waivers and was indicted in the U.S. District Court for the
3  Eastern District of Michigan in August 2002.

4      Mr. Al Amri's first naturalization application was never adjudicated. Mr. Al Amri
5  submitted a second naturalization application in August 2003. (Id. at T-L8-17.) He did not
6  request a disability waiver in this application. He was interviewed by an immigration officer on
7  February 12, 2004 and passed the English and U.S. history/civics tests. (Id. at T-R78.)

8      Although Mr. Al Amri's FBI "name check" was complete, his second application had not
9  been adjudicated at the time this action was filed. Defendants maintained that there were ongoing
10 investigations as to: (1) whether the N-648 disability waiver Mr. Al Amri submitted from Dr.
11 Ramesh was fraudulent; and (2) whether there were inconsistencies in his naturalization
12 applications. Mr. Al Amri's administrative file provides little if any information regarding any
13 action taken with respect to such investigations between his interview in February 2004 and the
14 filing of his complaint in this case on February 1, 2007.

15     Mr. Al Amri's claims were presented with fourteen other plaintiffs in an amended
16 Complaint for Naturalization, Declaratory Relief and Mandamus filed by Hassan Shamdeen, Case
17 No. C07-164MJP, pursuant to 8 U.S.C. § 1447(b). On Defendants' motion, the Court severed
18 plaintiffs' claims and created fifteen discrete cases. Mr. Al Amri was assigned Case No. C07-
19 590MJP.

20     On April 25, 2007, the Court ordered Defendants to show cause why the Court should not
21 grant Mr. Al Amri's application for naturalization. (Dkt. No. 2.) Defendants responded to the
22 order with a motion to dismiss and/or remand. (Dkt. No. 6.) In that motion, the Government
23 argued that Mr. Al Amri's naturalization application was not ripe for adjudication because
24 "USCIS is conducting an investigation to determine whether the disability waiver Plaintiff
25 submitted in connection with his first naturalization application is fraudulent," and because
26 "USCIS has identified other inconsistencies in the two naturalization applications Plaintiff has
27

ORDER — 2

filed, and has requested additional information to resolve these inconsistencies." (Dkt. No. 6 at 1.) On August 20, 2007, the Court issued an order in which it concluded that it has jurisdiction over this matter and denied the motion to dismiss or remand. (Dkt. No. 12.) The Court found that:

> [t]he primary issues raised by the Government are whether Mr. Al Amri committed fraud in connection with his naturalization applications and whether there are "inconsistencies" in his applications. This Court is equipped to conduct an evidentiary hearing to determine whether Plaintiff committed fraud, whether there are inconsistencies in his applications, and whether his naturalization application should be granted.

(Dkt. No. 12 at 4.) The Court set an evidentiary hearing on the matter for October 22, 2007 and allowed the parties to conduct discovery. (Id.)

Defendants deposed Mr. Al Amri on September 20, 2007 and Mr. Al Amri provided Defendants with responses to written discovery on October 9, 2007. (See Dkt. No. 13 at 1.) During these communications, Defendants were able to complete their investigation. (Id.) On October 15, 2007, the parties submitted a joint status report to the Court agreeing that, because USCIS's investigation was complete, the scheduled evidentiary hearing was not necessary and Plaintiff's application should be remanded to USCIS for adjudication. (Id. at 2.) In the status report, both parties stated that they were "unaware of anything that would prevent CIS from issuing a favorable decision on Plaintiff's naturalization application." (Id.)

On October 19, 2007, the Court remanded the matter to USCIS for adjudication of Mr. Al Amri's application. (Dkt. No. 14.) Mr. Al Amri was naturalized on October 23, 2007 and the Court issued a final judgment in the matter on November 7, 2007. (Dkt. No. 17.)

Plaintiff now brings this motion for attorneys' fees and costs pursuant to the EAJA.

**Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States must be a prevailing party in the matter to be entitled to attorney's fees. 28 U.S.C. § 2412(d)(1)(A). Two factors define "prevailing party" under the EAJA. Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005). Plaintiff's action must have resulted in a "material alteration" in the parties' legal

ORDER — 3

1 relationship and that alteration must have been "judicially sanctioned" or stamped with some "judicial imprimatur." Id. at 901.

Although Mr. Al Amri ultimately achieved a material alteration in the parties' legal relationship when his application was adjudicated, the change in that relationship was not judicially sanctioned. Instead, this action served as a "catalyst" prompting Defendants to complete their investigation into the circumstances surrounding Mr. Al Amri's N-648 form and the inconsistencies in his two applications. See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction").

This lawsuit almost certainly motivated Defendants to complete their investigation concerning the possibly fraudulent origins of Mr. Al Amri's N-648 form and any inconsistencies in his applications. Further, the deposition and written discovery allowed by the Court provided the forum for completion of that investigation. However, the Court did not compel Defendants to complete the investigation, and instead had determined to hold its own evidentiary hearing on the matters of fraud and inconsistent statements.

Before the Court's hearing could take place, both parties informed the Court that the investigation was complete and agreed that remand was appropriate. (Dkt. No. 13.) At the parties' request, the Court issued an order remanding the case. (Dkt. No. 14.) The Court's instruction requiring that Defendants naturalize Mr. Al Amri by October 25, 2007 if his application was granted is insufficient for judicial sanction and does not undermine the fact that Defendants voluntarily completed their investigation and adjudicated Mr. Al Amri's application.

ORDER — 4

**Conclusion**

Because Mr. Al Amri is not a prevailing party in this matter, the Court DENIES the motion for attorneys' fees.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: March 10, 2008.

*/s/ Marsha J. Pechman*

Marsha J. Pechman

U.S. District Judge

ORDER — 5